UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION



| | | |
|---|---|---|
| LEDALE ORMAND, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV-04-CO-0526-S |
| | ] | |
| BAYER AG, et al., | ] | |
| | ] | |
| Defendants. | ] | |

MEMORANDUM OF OPINION

I.  Introduction.

Presently before the court is Bayer AG's Motion to Stay Proceedings Pending Transfer to the Multi-District Proceeding [Doc. # 7] and Plaintiff's Motion to Remand, filed on April 2, 2004 [Doc. # 10]. Upon due consideration, and for the reasons that follow, Bayer AG's Motion to Stay Proceedings Pending Transfer to the Multi-District Proceeding [Doc. # 7] will be denied. Plaintiff's Motion to Remand, filed on April 2, 2004 [Doc. # 10] will be granted.

II.     Facts.

On March 11, 2002, Ledale Ormand ("Ormand"), along with several other plaintiffs, filed a complaint in the Circuit Court of Jefferson County, Alabama, Bessemer Division, against a number of defendants. Certain of the defendants removed the case to the Northern District on April 19, 2002, claiming that certain other defendants were fraudulently joined.[1] The case was remanded to the state court.

On February 12, 2004, Ormand's claims were severed from the original action. The court stated that Ormand's case was "to hereafter be treated as a new and separate action with a new case number." On March 12, 2004, Defendants removed Ormand's case to this court. Ormand filed a timely motion to remand.

III.    Discussion.

The facts and arguments asserted in this case are extremely similar to those in *Charles Kent v. Bayer AG, et al.*, CV-04-S-525-NE (N.D. Ala. May 13, 2004). The differences are not material to the consideration of the pending motions. The court by reference adopts the analysis set forth in

---

[1] See *Guy v. Bayer, et al.*, CV-02-PWG-994-S (N. D. Alabama).

that opinion.

When a case, as initially pled, is not removable, 28 U.S.C. § 1446(b) prohibits its removal based on diversity jurisdiction more than one year "after commencement of the action." The case, as originally pled, was not removable; thus, it cannot be removed after one year based on diversity. The gist of Defendant's argument is that the severance of Ormand's claims from the original action resulted in the commencement of a "new action" and thus a new one year period for removing Ormand's case to this court.

"When an action has been 'commenced' is a question of state law." *Barnett v. Sylacauga Autoplex*, 973 F. Supp. 1358, 1363 (N.D. Ala. 1997). The Alabama Rules of Civil Procedure provide that a "civil action is commenced by the filing of a complaint with the court." *Barnett* at 1363. Ormand commenced his action when he, as one of the plaintiffs, filed the original case March 11, 2002. A severance may be a second commencement but just as you cannot un-ring a bell, the fact remains that the case was previously commenced.

The question this Motion to Remand poses is similar to the one presented in *Hattaway v. Engelhard Corp.* where the plaintiff voluntarily

dismissed his case and then refiled the action on the same day.[2] In *Hattaway*, Judge Fitzpatrick held that the plaintiff was not prohibited from relying on the one year bar to removal even though he had dismissed his case and refiled it. Judge Fitzpatrick concluded that "the true date of the commencement of the actions necessarily was . . . the date the first suit was filed." *Hattaway*, 998 F. Supp. at 1481.

"[R]emoval statutes are construed narrowly [and] where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Congress triggered the limitation found in 28 U.S.C. § 1446(b) one year from the "commencement of the action." Even if true date of commencement remains an uncertainty, the court is bound by precedent to resolve the question in favor of remand. *Id.* at 1095.

IV. Conclusion.

The court is of the opinion that it does not have diversity jurisdiction over the claims against the defendants. This case will be remanded to the Circuit Court of Jefferson County, Alabama, Bessemer Division. A separate

---

[2]998 F. Supp. 1479 (M.D. Ga. 1998).

order will be entered.

Done, this 26th day of May, 2003.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE